UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00300-JRS-TAB |
| | ) | |
| VALENTINO ORLANDO JOHNSON | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On June 10, 2024, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervised Release filed on May 17, 2024, and order granting filed on May 20, 2024. [Filing Nos. 105, 106.] Defendant, Valentino Orlando Johnson appeared in person with his appointed counsel, Sam Ansell. The government appeared by Corbin Houston, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Dylan Lybarger.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.   The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2.   After being placed under oath, Defendant admitted violation number 1. [Filing Nos. 105, 106.] Government orally moved to withdraw the remaining violation numbers 2 and 3, which motion was granted by the Court.

3.   The allegation to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to so by a valid prescription from a licensed medical practitioner."** |//

| | Mr. Johnson submitted to a routine urinalysis on May 1, 2024, which returned positive for cannabinoids. At the time of his screen, he admitted to using marijuana on or about April 20, 2024. |
| | As previously reported to the Court, Mr. Johnson submitted to routine urinalyses on January 18, February 7, and March 4, 2024, which returned positive for cannabinoids. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

5. The government argued for a sentence of 11 months' imprisonment with no supervision to follow. Defendant's counsel argued for Defendant to be released with no imprisonment and no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 10 months' imprisonment with no supervised release to follow. The Magistrate Judge recommends placement at a facility as close to Indianapolis, Indiana, as possible. The Defendant was released on the current conditions of release, including GPS monitoring subject to reporting to the Probation Office when directed following designation by the Bureau of Prisons.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 6/11/2024

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system